OPINION
Defendant, Khabeer Akbar, appeals from his conviction and sentence for aggravated menacing.
On the morning of September 29, 2000, when Defendant reported for work as a school bus driver for the Dayton public schools, he was served with a letter signed by Bernice Frazier, assistant manager of transportation, advising him that he had been terminated from his employment. As Defendant was leaving the grounds of the transportation center around 6:00 a.m., he observed Frazier arriving for work. Defendant confronted Frazier about why he had been terminated. Frazier refused to discuss those details with Defendant, and she referred him to the human resources office. Frazier also told Defendant that he was no longer permitted on the premises and he needed to leave, which Defendant did.
Two hours later, at around 8:00 a.m. Defendant returned. Defendant was very upset, and his voice was raised when he confronted Frazier again and he told her she had no authority to fire him. Defendant stated he wanted to leave a letter appealing his dismissal. Frazier once again informed Defendant that he was not allowed on the premises and she asked him to leave. When Defendant refused to leave, a security officer, James Cook, was called to the scene, and Dayton police also were called. Defendant eventually left.
At around 12:00 noon Defendant returned to the premises a third time. Security officers Cook and Lunsford were immediately summoned to the scene. Defendant was pointing and yelling at Frazier, saying that she would pay for signing his termination letter. Defendant told Frazier that he was going to "take care of her," that he would "get her" and get everything she has, and that he would "take her out." As Defendant got back into his van to leave, he told Frazier, "I'll be back. I'm going to get you." Frazier thought that Defendant was threatening to harm her physically, and that he was going to go get a weapon and come back and injure or kill her because he said he would "take her out."
According to Defendant's version of these events, he told Frazier only that he was going to sue her for everything she has. He did not threaten Frazier with physical harm or say anything that should cause her to believe he would physically harm her.
As a result of these events, Defendant was charged by complaint in Dayton Municipal Court with one count of aggravated menacing in violation of Section 135.05(A) of the Revised Code General Ordinances of Dayton, Ohio. Following a trial to the court, Defendant was found guilty. The trial court sentenced Defendant to one hundred eighty days in jail and fined him one thousand dollars. The court suspended all of the jail time and all but one hundred dollars of the fine, and placed Defendant on one year of supervised probation on condition that he complete an anger management course and have no further contact with Ms. Frazier. The trial court stayed execution of its sentence pending this appeal.
From his conviction and sentence Defendant has timely appealed to this court. He presents one assignment of error for our review:
 APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way. State v. Bradley (October 2, 1997), Champaign App. No. 97-CA-03, unreported.
Defendant was convicted of aggravated menacing in violation of R.C.G.O 135.05(A), which states that "no person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family." Knowingly is defined in R.C. 2901.22(B):
 A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
A conviction for aggravated menacing does not require an explicit, direct threat of physical harm. Dayton v. Davis (1999), 136 Ohio App.3d 26. Nor is it necessary that the offender intend, attempt, or even have the ability to carry out a threat. Id. The offense requires only that the offender knowingly cause another person to believe that the offender will cause serious physical harm to that other person.
In arguing that the weight of the evidence does not support his conviction for aggravated menacing, Defendant points out that the evidence as to what he said to Frazier is conflicting. According to Frazier, Defendant said he was going to "wipe her out" and that he would "take her out." Security officers Cook and Lunsford testified, however, that they did not hear Defendant make those specific remarks to Frazier. Moreover, Defendant argues that his remarks to Frazier that he was going to "get her" and "get everything she had" were intended merely to convey Defendant's intention of initiating a lawsuit against Frazier.
The issue is not whether Defendant intended to inflict physical harm on Frazier, as opposed to the harm of a pecuniary loss resulting from a lawsuit. Instead, the issue is whether Defendant knowingly caused Frazier to believe that he would inflict serious physical harm on her. Defendant concedes that the evidence in that regard is conflicting. In resolving conflicts in the evidence, the credibility of the witnesses who testified at trial and the weight to be given to their testimony are matters for the trier of facts to resolve. State v. DeHass (1967), 10 Ohio St.2d 230.
Security Officer Lunsford testified that she heard Defendant tell Frazier he would "get her." Security Officer Cook testified that he heard Defendant make that same remark. Cook additionally said that he heard Defendant tell Frazier, "Be looking for me. I'll be back to get you." Cook warned Frazier that Defendant appeared serious in making the threat. Frazier testified that Defendant told her he would "take care of her," "take her out," and "I'll be back. I'm going to get you."
Defendant's remarks, made as they were in an angry tone of voice, can reasonably be construed as proof that he knowingly conveyed a threat to inflict physical harm. Moreover, the record demonstrates that Frazier believed Defendant's remarks were a threat of physical harm. Frazier thought that Defendant was going to go get a weapon and then return and injure or kill her when Defendant threatened to "take her out."
In reviewing this trial record as a whole we cannot say that the evidence weighs heavily against a conviction, that the trier of fact lost its way, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.